```
 1                      UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF NEW YORK
 2

 3    -----------------------------------X
                                         :
 4    HARLON DROZD, et al.,              : 17-CV-00922 (RMB)
                                         :
 5                     Plaintiffs,       : 500 Pearl Street
                                         : New York, New York
 6               v.                      :
                                         :
 7    340 W. 46TH STREET CORP., et. al., : September 6, 2017
                                         :
 8                     Defendants.       :
      -----------------------------------X
 9
           TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONIC CONFERENCE
10              BEFORE THE HONORABLE KATHARINE H. PARKER
                    UNITED STATES MAGISTRATE JUDGE
11
      APPEARANCES:
12

13    For the Plaintiffs:        LAURA RODRIGUEZ, ESQ.
      (Via telephone)            Pechman Law Group PLLC
14                               488 Madison Avenue
                                 New York, New York 10022
15

16
      For the Defendants:        NO APPEARANCE STATED ON RECORD
17    (Via telephone)

18

19

20    Court Transcriber:         SHARI RIEMER, CET-805
                                 TypeWrite Word Processing Service
21                               211 N. Milton Road
                                 Saratoga Springs, New York 12866
22

23

24

25


      Proceedings recorded by electronic sound recording,
      transcript produced by transcription service
```

1  (Starts in middle of audio)
2           DEFENSE ATTORNEY:  -- deposed enormous difficulty
3  throughout with witnesses disavailing discovery after
4  [inaudible] knowledge of discovery responses, never having
5  seen documents before that were produced in their name.
6           With this particular witness we were inquiring as to
7  what she had reviewed to prepare for the deposition.  She was
8  unable to identify documents that she used putting in one case
9  an original set of responses to interrogatories versus the
10 amended set.  She couldn't remember what she reviewed and she
11 spontaneously offered that she has the documents she had
12 reviewed to prepare with her [inaudible].
13          There were two different sets of documents.  One was
14 the [inaudible] of the case which contained handwritten notes
15 by plaintiff [inaudible] interpreter by the way.  The others
16 were handwritten notes that counsel initially claimed were
17 notes of meetings that she had had with [inaudible]
18 volunteered most of the notes -- it looked like about 20 pages
19 in total [inaudible] but one of those pages were notes that
20 were notes that [inaudible] which were responsive and were
21 never produced.  There are other documents completely
22 unrelated by the way that were produced 20 minutes before the
23 deposition.
24          The very first question we -- she handed over the
25 documents, the official documents, the official responses with

her handwritten notes.  We made copies.  When we came back in the room plaintiffs [inaudible] declined to allow us to ask about them and after [inaudible] put it to he side and actually called you.

With respect to the handwritten notes, we had gotten as far as to say when did you prepare them.  That's the question was asked and counsel directed the witness not to answer.  We have not been able to ask her about what they are. We have not been able to ask her --  she has not identified what these documents are.  Clearly counsel is confused as to what they are originally saying that they were all documents that reflected notes of attorney client meetings.

Even assuming for a moment that they were [inaudible] we're not [inaudible] they also [inaudible] identified what plaintiffs [inaudible] today.  We are [inaudible] documents [inaudible] minimum be able to imply [inaudible].

MS. RODRIGUEZ:  Your Honor, just in response to that.  There was a bit of -- there were a few different things that happened.  Just to clarify, first of all, I disagree with the assertion that the plaintiffs in all these depositions have [inaudible] the responses to the documents.  There has been -- this is the fifth deposition.  Five plaintiffs have been deposed and the depositions have been lengthy and have turned into a bit of sort of [inaudible] exercise of asking

4

1  about individual responses to the document production which
2  plaintiff stated several times today that she was just
3  confused and overwhelmed by the questions.
4          She pulled out these documents and as soon as -- and
5  defense counsel asked to take a break to make copies of them I
6  stated that I do not believe that they should be produced
7  [inaudible] that the -- let me clarify.  She pulled out these
8  documents.  They asked to take a break to make copies of them
9  and additionally she pulled out handwritten notes and said
10 that the handwritten notes were notes taken during the
11 [inaudible] and were protected by attorney client privilege.
12         Later -- to be clear, Your Honor, the notes are
13 written in Polish.  Later I learned that one of the pages was
14 the [inaudible] from the meeting with counsel and the other
15 documents were notes that are discoverable that as soon as I
16 learned what they were on the record I said that now that I
17 know that I would like -- I want -- I thought those are to be
18 produced obviously.
19         However, I requested a short recess to speak with my
20 client and confirm what was written on the document.  Defense
21 counsel declined to allow that break and I did not allow
22 further questions to be asked because I wanted to make sure
23 that she was not answering questions about documents that were
24 privileged.
25         I just wanted to clarify which documents were from

5

1  the notes that she put during a meeting with me and which are
2  discoverable documents.  All of them are in Polish and I don't
3  read Polish.  So I wanted to review that with the client and
4  make sure that she wasn't speaking about privileged records.
5         Once [inaudible] the other records are to be
6  produced.  There have been over 1,000 documents produced by
7  plaintiffs in this case.  We have supplemented production
8  several times as we learned that there were more documents
9  produced and we are doing everything we can to make sure that
10 everything is produced because we understand the requirements.
11 There were documents that were produced this morning and we
12 produced them belatedly but as soon as we had them because we
13 know that that is the requirement.
14         These other documents as soon as I knew what they
15 were I said I wanted to make copies of them to the extent I'm
16 going to produce them.  I just wanted to confirm with the
17 client which were privileged and which were not and
18 [inaudible] counsel refused to do that and I just want
19 clarification from Your Honor about whether or not documents
20 that were prepared during the meeting with counsel are
21 privileged, and even if they were documents that -- I mean the
22 question was about documents that were reviewed in preparation
23 for the deposition and my assertion is that the handwritten
24 notes were ones that were not reviewed in preparation for the
25 deposition [inaudible] privileged.

6

1          THE COURT:  If it's your position -- Ms. Rodriguez,
2  if a document is not a document that was reviewed in
3  preparation for the deposition and is reflecting a
4  communication with you then it would be privileged.
5          MS. RODRIGUEZ:  Your Honor --
6          THE COURT:  If the document is one that was reviewed
7  in preparation for the deposition even if it was initially
8  privileged you may have waived the privilege by reviewing it
9  with your client in preparation for the deposition.  So I
10 don't know what it is.  It sounds to me like -- to the extent
11 that you're stating that it's privileged then you need to
12 provide a privilege log as to that document to defendants.
13         MS. RODRIGUEZ:  That is fine, Your Honor.  I would
14 say that there's a combination of documents that were already
15 copied were documents that were reviewed in preparation for
16 the deposition.  The documents that I did not allow my client
17 to give defense counsel is one that was prepared in a meeting
18 with counsel prior.
19         I also, Your Honor, prior to this call spoke with
20 other people in my office and we tried to look into this to be
21 able to make sure that we are on the right side of the law and
22 we did find a case from 2010 which stated that the documents
23 reviewed in preparation for the deposition would only be --
24 could be -- the privilege could be waived but it would only be
25 if the court found that [inaudible] and the case was -- hold

7

1  on one second.  One second.  I can tell you the case, Your
2  Honor.
3           THE COURT:  Well, I'm not going to rule -- if
4  there's case law I don't -- I have to take a look at the case.
5  So if you're asserting privilege over the documents you can
6  direct your client not to answer the question and if defendant
7  wants to pursue this then you can write to me and you can give
8  me the citation for the case but for now if you believe you
9  have a good faith basis to believe that it's privileged and
10 that privilege was not waived then there should not be further
11 questioning about the contents of the document.
12          DEFENSE ATTORNEY:  Your Honor, I have not
13 [inaudible] ask about the contents of this document.  Just to
14 be clear, there are three different kinds of documents.  There
15 are the official responses to discovery with handwritten
16 notes.  From what counsel just said, although earlier she
17 refused to have her witness answer questions about this, from
18 what I now understand you are not asserting privilege t as to
19 those documents.
20          MS. RODRIGUEZ:  I am asserting privilege as to those
21 documents.
22          DEFENSE ATTORNEY:  All right.  Again, the plaintiff
23 testified that she reviewed all of this to prepare for this
24 morning.
25          Second of all, there are documents that apparently

8

1  go to -- they're handwritten documents that apparently go to
2  her job search that have absolutely no arguable privilege
3  attached to them.  Counsel is not even permitting us to see
4  them.
5           Third, there are documents -- there is one page that
6  counsel asserts there are notes that plaintiff took during a
7  conversation with them which again she is claiming she
8  reviewed prior to her deposition to prepare [inaudible] and
9  these were the documents that were [inaudible].
10          Now, I'm happy to brief it.  There are many cases on
11 this, many cases under the federal rules [inaudible] clear
12 entitlement to the [inaudible] direct not to answer was when
13 were these documents prepared.  If what [inaudible] documents.
14          MS. RODRIGUEZ:  Your Honor, we had taken a break and
15 defense counsel said they were marking the issue for a ruling
16 before that question was asked.  I have no problem -- first of
17 all, the documents regarding the job search I am ready to
18 produce.  What I asked was to speak with my client to make
19 sure that the documents that aren't written in Polish to make
20 sure that the documents -- that we give the right documents
21 and not any privileged documents.  They did not allow for that
22 break.
23          Any questions about the documents related to the job
24 search they're open to ask questions about and we brought them
25 to be produced.  I stated that on the record and I will state

9

1   that again to Your Honor.
2           I did not know that the client had the documents
3   [inaudible] in the middle of the deposition and [inaudible]
4   said that I stated that those are documents and we wanted to
5   turn over as we are required to do.  I didn't know that the
6   documents were here.
7           I simply wanted to look at them with the client to
8   make sure that the documents that are mixed in with notes from
9   a meeting with me are separated out so that we produce the
10  ones that are -- that should be produced and not the ones that
11  are privileged.
12          THE COURT:  I don't have a problem, Ms. Rodriguez,
13  with you taking a moment to clarify with your client which
14  documents are privileged and which are not for purposes of
15  determining which ones that you are going to produce.  I hear
16  that there is no issue with regard to the job search document.
17  You're fine to turn that over.
18          So I think we've already addressed it.  We addressed
19  the job search document.  We've addressed notes that were
20  taken in a meeting not in connection -- and not reviewed in
21  preparation for deposition where you're asserting --
22          DEFENSE ATTORNEY:  I'm sorry.  They were.  Plaintiff
23  testified that all these documents were reviewed in
24  preparation for the deposition.
25          THE COURT:  Well, that's not what I just heard from

10

1    Ms. Rodriguez.  Ms. Rodriguez said that there are some
2    documents that were prepared outside of preparation for
3    deposition.
4            DEFENSE ATTORNEY:  [Inaudible]
5            MS. RODRIGUEZ:  Your Honor, she gave the document --
6    she gave documents to defense counsel that were reviewed in
7    preparation for the deposition.  They have those.  I believe
8    that those remain privileged.  She also had in her pile of
9    documents a page of notes that were taken during a meeting
10   with me which I told her not to give them and I believe that
11   they are privileged and they are not documents -- that is not
12   a page of documents -- of notes that were reviewed in
13   preparation for the deposition.
14           So I believe there's two different privilege issues
15   that are at issue here and separate from that there are the
16   job search documents which we will produce.
17           THE COURT:  All right.  So what I would like you to
18   do is identify those documents through a privilege log that
19   you're asserting a privilege and if defendant believes they're
20   not privileged then you can write to me separately but instead
21   of calling again take the questions down -- take -- mark the
22   things for a ruling and we can deal with those all at once.
23   But in the meantime you should proceed with the deposition.
24           MS. RODRIGUEZ:  Thank you, Your Honor.
25           DEFENSE ATTORNEY:  Your Honor, just to be clear.  We

```
                                                                   11
 1   have a September 11th deadline to complete discovery in this
 2   case.  So there is some urgency to this.  We will get an
 3   overnight transcript.  The reporter [inaudible] and we will
 4   brief it to your attention but we need to know when we will
 5   receive the privilege log.
 6              MS. RODRIGUEZ:  The privilege log will be -- I
 7   believe that the deposition will be going today and so late
 8   into the evening.  So we can send over the privilege log early
 9   tomorrow morning [inaudible] tomorrow morning.
10              DEFENSE ATTORNEY:  Thank you.
11              THE COURT:  All right.  Thank you both.
12              MS. RODRIGUEZ:  Thank you.
13              DEFENSE ATTORNEY:  Thank you.
14                          * * * * *
15
16
17
18
19
20
21
22
23
24
25
```

12

I certify that the foregoing is a court transcript from an electronic sound recording of the proceedings in the above-entitled matter.

Shari Riemer, CET-805

Dated: September 12, 2017