# KLEIN ZELMAN ROTHERMEL JACOBS & SCHESS LLP
ATTORNEYS AT LAW
485 MADISON AVENUE
NEW YORK, NEW YORK 10022-5803
TEL (212) 935-6020
FAX (212) 753-8101

October 20, 2017

**VIA ECF**
Hon. Katharine H. Parker
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 17D
New York, New York 10007-1312

      Re:    Drozd, et al. v. 340 West 46th Street Corp. d/b/a Le Rivage, et al.
               Case No. 17-CV-922

Dear Judge Parker:

      We represent Defendants in the above-referenced action and submit this letter seeking to compel Plaintiffs to comply with outstanding discovery issues. We request a conference with Your Honor so that the issues outlined below can be addressed.

      Defendants served deficiency letters on August 22nd (the "First Letter"), September 14th (the "Second Letter", attached as Exhibit A) and October 12th (the "Third Letter", attached as Exhibit B).[1] Plaintiffs responded to the Second Letter on September 26th (the Second Response," attached as Exhibit C). The parties met and conferred over the phone regarding the issues in the Second and Third Letters on September 26th and October 18th, respectively, but were unable to reach a resolution of the numerous deficiencies outlined below and in the attached exhibits.[2]

      Federal Rule 26(e) requires a party to "supplement or correct its disclosure or response: (a) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Further, Federal Rule 37(a)(4) provides that an "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37; *see* A.V.E.L.A., Inc. v. Estate of Monroe, No. 12 CIV. 4828 KPF JCF, 2014 WL 1408488, at *3 (S.D.N.Y. Apr. 11, 2014) (granting motion to compel based on "inconsistencies in deposition testimony and" written disclosures); *see*

---

[1] The issues raised in the First Letter are not raised in this motion.
[2] During the October 18th call, Plaintiffs' counsel insisted that Defendants provide specific examples of the deficiencies; dozens of specific examples had been provided in the First, Second and Third Letters. During the call, Defendants provided two specific examples of the deficiencies, then explained that there were over sixty deficiencies specifically identified in the Second and Third Letters and it made more sense to go through them by category. After some back and forth, Plaintiffs' counsel informed us they would cure all the open issues; the correspondence received that evening resolved only two issues (identifying which documents were produced by which Plaintiff and the lack of additional recordings). (See, "Third Response," attached hereto as Exhibit D.) Although Plaintiffs have offered to have yet another conversation, we believe such a conversation would be fruitless. Both sides have made their respective positions clear through numerous letters, emails and conversations.

KLEIN ZELMAN ROTHERMEL JACOBS & SCHESS LLP

Hon. Katharine H. Parker
Page 2
October 20, 2017

*also* <u>Swiggett v. Coombe</u>, No. 95 CIV. 4916 (WK), 1997 WL 129402, at *1 (S.D.N.Y. Mar. 21, 1997) (granting motion to compel where discovery responses were found to be "'evasive or incomplete'"). As evidence below, Plaintiffs' discovery responses have been incomplete, incorrect and evasive.

First, Plaintiffs have produced approximately twenty recordings that they (and another individual) covertly made. In the Second Response, Plaintiffs concede that these recordings were edited. Either every Plaintiff started recording the very moment that a Defendant began speaking and stopped recording at the moment the conversation ended, or any conversation leading to or flowing from the comments on which Plaintiffs rely appears to have been deleted. Plaintiffs refuse to produce the unedited recordings. (See Exhibit C, p. 1-2.)

Second, in the Second and Third Letters Defendants identified <u>thirty-seven</u> instances where the Plaintiffs' deposition testimony contradicted their written responses to Defendants Documents Demands.[3] (Exhibit A, p. 3-6; Exhibit B, p. 2-3.) Defendants have asked Plaintiffs to submit second amended responses to clarify these inconsistencies.[4] Plaintiffs have refused, claiming that the responses were "clarified" during plaintiffs' depositions. (See Exhibit D, p. 4; Email dated September 27th, attached hereto as Exhibit E, p. 1.) This is not accurate. <u>The inconsistencies arose *because* the depositions contradicted the written responses</u>. Defendants are left with conflicting responses and seek clarification pursuant to Federal Rules 26(e) and 37(a).[5]

Third, during the depositions Defendants called for the production of <u>thirteen</u> documents that Plaintiffs testified that they had, but had not yet produced.[6] (Exhibit A, p. 2-3; Exhibit B, p. 2.)

---

[3] It must be noted that obtaining discovery responses has been an ongoing and frustrating exercise. Often documents were provided just minutes before depositions. None of the Plaintiffs had seen the interrogatory responses or requests for admission sent on behalf of each individual Plaintiff before they were sent. Not surprisingly, Plaintiffs disavowed major portions of those responses. Plaintiffs have corrected dozens of responses orally and in writing, as recently as last week. What is addressed in this letter is what remains, or requests for clarification as between two inconsistent responses.

[4] Prior to the depositions Plaintiffs amended their initial responses to Defendants Document Demands.

[5] The need for Plaintiffs to amend the written responses to the discovery demands is further illustrated by the confusion only recently resolved over which Plaintiffs have produced which documents. Via e-mail dated August 10th, Plaintiffs' counsel specifically attributed the documents produced to that point to specific Plaintiffs. No documents were attributed to multiple Plaintiffs. (Exhibit F.) (This continued each time that Plaintiffs produced documents subsequent to August 10th, Plaintiffs' counsel advised Defendants which Plaintiff was producing the document in question.) However, at the deposition of Elvira Molitz it came to light that documents previously attributed to Marta Halon Drozd were actually produced by Molitz. (Deposition Transcript of Elivra Molitz attached as Exhibit G, TR. 50-56.) During the deposition Plaintiffs' counsel specifically assured us that no other documents were incorrectly assigned. (Exhibit G, TR. 55.) However, in the Second Response Plaintiffs' counsel stated "as has previously been explained, Plaintiffs' responses to Defendants' Document Requests include the identification of documents that each individual Plaintiff produced, as well as documents produced by other Plaintiffs. The documents were prepared in this way because many of the documents include information relevant to all Plaintiffs' claims." (Exhibit C, p. 2.) This is a clear contradiction of the August 10th email, as well as Plaintiffs' counsel's statement on the record during Molitz's deposition. In the Third Response, Plaintiffs' counsel clarified that the only documents produced on behalf of multiple Plaintiffs were those Bates Stamped P000270 – P000350, P0001013 – P001031. (Exhibit D, p. 2.)

[6] This figure does not include recordings, which Plaintiffs represent have been produced other than duplicates. It also does not include Plaintiffs' tax returns, which Defendants are not pursuing at this time.

{00132527;1}{00132527;1}{00132527;1}

KLEIN ZELMAN ROTHERMEL JACOBS & SCHESS LLP

Hon. Katharine H. Parker
Page 3
October 20, 2017

Plaintiffs' counsel states generally that all responsive documents have been produced. However, they refuse to go through point-by-point and clarify where Plaintiffs' testimony that they have additional documents was correct, and where it was incorrect. This is yet another reason why amended responses to document demands are appropriate. Defendants submit that either Plaintiffs should submit affidavits addressing these issues or their depositions should be re-opened at Plaintiffs' cost for purposes of clarifying this testimony.

Fourth, Plaintiffs' depositions revealed <u>thirteen</u> locations that Plaintiffs failed to search for responsive documents. (Exhibit A, p. 6-7; Exhibit B, p. 3.) Plaintiffs' counsel represents generally that Plaintiffs have now searched everywhere. However, again, counsel refuses to go through the identified locations and confirm that the applicable Plaintiff has advised them that they have searched those spots and have not found anything. Moreover, Defendants are now left with yet another contradiction between Plaintiffs' testimony and what their attorneys are advising. At a minimum, Plaintiffs should be required to submit affidavits confirming that they searched each of the specified locations and identifying what, if anything, was produced as a result. Alternatively, their depositions could be re-opened so that these loops can be closed, under oath.

Fifth, Plaintiffs have provided edited text messages, in one case, only messages that Plaintiff believed to be important. (Deposition Transcript of Agnieszka Mikolajczak, p. 22-25, attached as Exhibit H.) Plaintiffs refuse to provide the full text message conversations. Defendants alternatively suggested that Plaintiffs engage a vendor to run search terms, as Defendants did for Defendants' ESI. If that is cost prohibitive, Defendants requested the full text of all text messages between any Plaintiff and any other Plaintiff(s) or between any Plaintiff(s) and any Defendant(s) (which also is encompassed by Defendants' requests). Plaintiffs have refused.

Finally, we propose that the discovery deadline be extended thirty days from the date Court issues an Order so that these issues may be resolved.[7]

Thank you in advance for your consideration.

Respectfully Yours,

/s/ Jesse Grasty

Jesse Grasty

---

Plaintiffs have also refused to produce their W2s. Many of these documents are already in Defendants possession, however some are not. Contrary to Plaintiffs claim, paystubs and notebooks are not sufficient to establish Plaintiffs' wages. (Exhibit D, p. 3.)

[7] The amount of time needed may vary depending on how quickly and in what manner Plaintiffs respond, as well as the substance of the responses.

{00132527;1}{00132527;1}{00132527;1}